# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MARCEL EDGAR REYES #305180** | § | |
| | § | |
| **V.** | § | A-09-CA-731-SS |
| | § | |
| **SHERRI K. TIBBE and** | § | |
| **THE HONORABLE JUDGE PRESIDING** | § | |
| **IN THE 22ND DISTRICT COURT OF** | § | |
| **HAYS COUNTY** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

## BACKGROUND

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. Plaintiff alleges the Hays County District Attorney's Office knowingly and intentionally misfiled a felony charge against him and caused the Grand Jury to indict him under false pretenses. As a result, Plaintiff complains he has been illegally detained since July 2, 2009. Plaintiff alleges the judge, presiding over his criminal case, has failed to protect him against the hostile use of authority by the District Attorney's Office. Plaintiff sues Sherri K. Tibbe of the Hays

County District Attorney's Office and the Honorable Judge Presiding over his criminal case. He requests the Court to order his release on a personal bond pending his trial.

## DISCUSSION AND ANALYSIS

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

The only relief requested by Plaintiff is his immediate release. Such relief is not appropriate in this suit. Section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Furthermore, under the Younger abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. Younger v. Harris, 401 U.S. 37, 49-52 (1971); see also Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995). Abstention is required under the Younger doctrine when: (1) state proceedings, judicial in nature, are pending; (2)

the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); see also Louisiana Deb. and Lit. Ass'n, 42 F.3d at 1490. Thus, the Court concludes that Plaintiff's claims under 42 U.S.C. § 1983, requesting his immediate release, must be dismissed under authority of 28 U.S.C. § 1915(e).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of October, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE